DAVID E. AHDOOT (SBN 245133)
dahdoot@bushgottlieb.com
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

LAUREN MCDERMOTT (*Pro Hac Vice* to be submitted)
MARK A. LINSCOTT (*Pro Hac Vice* to be submitted)
JOHN F. ACKERMAN (*Pro Hac Vice* to be submitted)
lmcdermott@mooneygreen.com
mlinscott@mooneygreen.com
jackerman@mooneygreen.com
MOONEY, GREEN, SAINDON,
MURPHY & WELCH, P.C.
1620 Eye Street, NW, STE 700
Washington, DC 20006
Phone: 202-783-0010
Fax: 202-783-6088

*Counsel for all Plaintiffs*

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

HUGH MONTGOMERY, TAYLOR BARDEN, GRIFFIN DYNE, MATTHEW HYMAN, SKYLER LYONS, PATRICK MALONEY, IAN MATHER, FERNANDO MEDINA, JAY MUSHINSKIE, SHAWN STEINER, SAM SZCZEPANEK, PATRICK WEISENBERG, on behalf of themselves and all other similarly situated individuals,

Plaintiffs,

v.

The COUNTY OF SANTA BARBARA, CALIFORNIA

Defendant.

**Case No.: 2:26-cv-10418**

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

**DEMAND FOR JURY TRIAL**

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

# COLLECTIVE ACTION COMPLAINT

1. Plaintiffs Hugh Montgomery, Taylor Barden, Griffin Dyne, Matthew Hyman, Skyler Lyons, Patrick Maloney, Ian Mather, Fernando Medina, Jay Mushinskie, Shawn Steiner, Sam Szczepanek, and Patrick Weisenberg (collectively, "Plaintiffs") bring this action on behalf of themselves and all other similarly situated individuals against Defendant County of Santa Barbara, California ("County"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

## PRELIMINARY STATEMENT

2. This dispute involves Defendant's failure to pay the approximately 215 fire fighters whom it employs the full amount of overtime pay owed to them under the FLSA because Defendant failed to include all remuneration for employment, including certification pay, incentive pay, holiday-in-lieu pay, and other non-excludable remuneration, in their regular rate of pay.

3. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals who were subjected to Defendant's unlawful overtime pay practices.

4. Plaintiffs are current employees of the Santa Barbara County Fire Department ("SBCFD") who were denied the full overtime compensation to which they were entitled under the FLSA.

5. Plaintiffs and Defendant (collectively, the "Parties") executed a tolling agreement in which the Parties agreed to preserve their rights, obligations, duties, claims, causes of action, remedies, or defenses relating to the FLSA that existed as of March 23, 2026. The tolling agreement is attached as Exhibit B.

6. This FLSA collective action comprises all individuals who worked for the SBCFD at any time during the period beginning March 23, 2023, and continuing through the disposition of this action (the "Collective Action Period"), who worked overtime, received certification pay, incentive pay, holiday-in-lieu pay, or other non-excludable remuneration, and were subjected to Defendant's unlawful overtime pay practices, resulting

in their receipt of less overtime compensation than required by the FLSA (the "SBCFD Collective").

7. Plaintiffs and other members of the SBCFD Collective bring this action to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and all other relief available under the FLSA.

## THE PARTIES

8. Plaintiffs are residents of Santa Barbara County, Ventura County, and San Luis Obispo County, California, who worked for the SBCFD during the Collective Action Period. Plaintiffs earn certification pay, incentive pay, holiday-in-lieu pay, or other non-excludable remuneration in addition to their base compensation and frequently work overtime. Defendant's failure to include these forms of remuneration in Plaintiffs' regular rate has resulted in Plaintiffs receiving overtime compensation at rates lower than those required by the FLSA.

9. Pursuant to 29 U.S.C. §§ 216(b) and 256, Plaintiffs each executed and filed with the Court their consent to become a party Plaintiff in this action, which forms are attached as Exhibit A. Should other similarly situated individuals seek to join this action, their consents will be filed with the Court. These consent forms set forth each Plaintiff's name and intent to become a party to this action.

10. Defendant County of Santa Barbara, California, is a political subdivision of a State within the meaning of 29 U.S.C. § 203(x) and an employer as defined by 29 U.S.C. § 203(d). At all relevant times, Defendant employed Plaintiffs and other members of the SBCFD Collective. Upon information and belief, Defendant knew of its obligations under the FLSA to Plaintiffs and other members of the SBCFD Collective at all relevant times.

11. Defendant County of Santa Barbara is an "enterprise" as defined by 29 U.S.C. § 203(r), including as defined by 29 U.S.C. § 203(r)(2)(C). Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s), including 29 U.S.C. § 203(s)(1)(C).

/ / /

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the laws of the United States and Plaintiffs seek redress for violations of federal law.

13. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendant resides in this District and a substantial part of the events, omissions, and unlawful pay practices giving rise to the claims alleged herein occurred in this District.

## FACTUAL BACKGROUND

### I. Defendant's Pay and Scheduling Practices

14. Plaintiffs and other members of the SBCFD Collective are covered by the FLSA and are entitled to overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of the maximum hours prescribed by 29 U.S.C. § 207.

15. The FLSA permits public agencies, such as Defendant, to adopt an alternative work period for employees who are engaged in fire protection activities (the "Section 7(k) Exemption"). 29 U.S.C. § 207(k).

16. Plaintiffs and other members of the SBCFD Collective are employees engaged in fire protection activities because they have "the legal authority and responsibility to engage in fire suppression…[and engage] in the prevention, control, and extinguishment of fire [and respond] to emergency situations where life, property, or the environment is at risk." 29 U.S.C. § 203(y). Accordingly, Defendant qualifies for an alternative work period under the Section 7(k) Exemption.

17. Plaintiffs and other members of the SBCFD Collective are members of a union, IAFF Local 2046, which serves as their exclusive bargaining representative. IAFF Local 2046 and Defendant are parties to a memorandum of understanding ("MOU") that sets forth the terms and conditions of employment for the SBCFD Collective. The MOU is in effect from February 21, 2022, through July 4, 2027.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

18. Pursuant to the MOU, Local 2046 and Defendant agreed to adopt a 24-day work period under Section 7(k). Accordingly, Defendant must compensate Plaintiffs and other members of the SBCFD Collective at one and one-half times their regular rates of pay for all hours worked in excess of 182 hours within a 24-day work period. 29 C.F.R. § 553.230(c).

19. Plaintiffs and members of the SBCFD Collective generally work a fixed schedule consisting of eight (8) twenty-four-hour shifts during each 24-day work period, for a total of 192 scheduled hours. As a result, they routinely work ten (10) scheduled overtime hours above the applicable 182-hour Section 7(k) threshold before accounting for any additional overtime shifts they may work.

20. In addition to their regular work schedules, Plaintiffs routinely work additional hours, causing them to work in excess of their 192 regularly scheduled hours in a given 24-day work period.

21. Plaintiffs and other members of the SBCFD Collective are paid every two (2) weeks and receive a fixed biweekly salary regardless of the hours they actually work.

**II. Defendant Unlawfully Excludes Certification, Incentive, and Holiday In-Lieu Pay from the SBCFD Collective's Overtime Rate**

22. In addition to their base salary, Plaintiffs and other members of the SBCFD Collective are eligible to receive certification pay and incentive pay for obtaining skills, certifications, education, or special assignments. These additional payments appear as individual line items on Plaintiffs' paychecks and include, at least:

- Pay Grade II: $150.00 per pay period;
- Pay Grade III: $250.00 per pay period;
- Bilingual Allowance: $95.00 per pay period;
- EMT-D Allowance: 4.0% of base pay;
- Paramedic License Allowance: 11% of fire fighter "E" step pay;

Bush Gottlieb
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

- Paramedic Training Officer Allowance: 13% of fire fighter "E" step pay;
- Uniform Allowance: $30.77 per pay period;
- Public Information Officer Special Assignment Pay: $840.00 per pay period;
- Air Support Unit Crew Special Assignment Pay: $350.00 per pay period;
- Dispatch Duty Officer Special Assignment Pay: $325.00 per pay period;
- Fire Crew Special Assignment Pay: $325.00 per pay period;
- Arson Investigations Special Assignment Pay: $265.00 per pay period.

23. Further, Plaintiffs and other members of the SBCFD Collective receive holiday in-lieu pay equal to one-tenth of their biweekly base salary for each holiday that falls within a pay period, regardless of whether they actually work on that holiday.

24. The FLSA requires Defendant to pay Plaintiffs and other members of the SBCFD Collective one and one-half times their "regular rate" of pay for all overtime hours worked. 29 U.S.C. §§ 207(a)(1), 207(k); 29 C.F.R. §§ 553.230(c), 778.109. The regular rate includes all remuneration for employment unless specifically excluded by statute. 29 U.S.C. § 207(e)(1)–(8).

25. As salaried fire protection employees, the SBCFD Collective's regular rate of pay is calculated by dividing the employee's total remuneration for each work period by the number of regularly scheduled hours that it was intended to compensate. 29 C.F.R. §§ 778.113, 553.233.

26. During the Collective Action Period, Defendant has engaged in unlawful overtime practices by failing to include each Plaintiff's and the SBCFD Collective's certification, incentive, and holiday in-lieu pay in their regular rate of pay. These payments are contractually required compensation for services and are not excludable forms of

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

compensation under Section 7(e). *See* 29 U.S.C. § 207(e)(1)–(8); *see also Lewis v. Cty. of Colusa*, No. 2:16-cv-01745-VC, 2018 U.S. Dist. LEXIS 56906, at *6 (E.D. Cal. Apr. 2, 2018) (holding that holiday in-lieu payments which are paid regardless of whether an employee works on a holiday must be included in the employee's FLSA regular rate).

27. Defendant's exclusion of certification pay, incentive pay, and holiday-in-lieu pay affected both the regularly scheduled overtime hours worked above the 182-hour threshold and any additional unscheduled overtime worked during the same work period. Consequently, the overtime premium paid for each overtime hour worked by Plaintiffs and members of the SBCFD Collective was systematically understated.

28. By way of example, Plaintiff Griffin Dyne received a base salary payment of $4,171.66 during the pay period ending March 2, 2025. During the same pay period, Defendant paid Plaintiff Dyne additional certification and incentive compensation, including Paramedic Allowance, Pay Grade III, Emergency Medical Duty compensation, and Uniform Allowance, totaling $928.10.

29. Defendant also paid Plaintiff Dyne holiday-in-lieu pay totaling $417.17. Plaintiff Dyne's total non-overtime remuneration for the pay period ending March 2, 2025, was $5,516.93.

30. In addition, during the pay period ending March 2, 2025, Defendant compensated Plaintiff Dyne for 48 hours of unscheduled overtime at a rate of $58.67 per overtime hour.

31. Upon information and belief, Defendant calculated Plaintiff Dyne's overtime rate without including some or all of the certification pay, incentive pay, and holiday-in-lieu pay Plaintiff Dyne received in the pay period ending March 2, 2025.

32. During the relevant 24-day Section 7(k) work period, Plaintiff Dyne received $9,159.60 in total non-overtime remuneration. Dividing that remuneration by Plaintiff Dyne's 192 regularly scheduled hours yields an FLSA regular rate of $47.71 per hour. Defendant therefore should have compensated Plaintiff Dyne's unscheduled overtime hours

at $71.57 per hour and scheduled overtime hours at $23.86 per hour, rather than the lower overtime rates Defendant paid.

33. Likewise, at all material times, the County failed to incorporate each Plaintiff's and each member of the SBCFD Collective's certification, incentive, and holiday in-lieu pay when calculating their regular rates for purposes of FLSA overtime compensation. 29 U.S.C. § 207(e) (stating that the "regular rate" under the FLSA includes all remuneration for employment paid to, or on behalf of, the employee).

34. Upon information and belief, Defendant's failure to pay Plaintiffs and other members of the SBCFD Collective FLSA compliant overtime wages was willful because Defendant knew or showed reckless disregard for whether its overtime practices complied with the FLSA.

35. Defendant was on notice of its obligations concerning regular-rate calculations through the text of the FLSA, Department of Labor regulations, judicial decisions addressing inclusion of supplemental compensation, and Defendant's own payroll records and compensation practices.

36. Despite this knowledge, Defendant continued to calculate overtime compensation using rates that excluded forms of remuneration required to be included in the regular rate under the FLSA.

37. Therefore, Defendant violated 29 U.S.C. § 207 by paying Plaintiffs and other members of the SBCFD Collective overtime wages less than required by the FLSA. Such violations are redressable by Plaintiffs and the other members of the SBCFD Collective as affected employees pursuant to 29 U.S.C. § 216(b).

**COLLECTIVE ACTION ALLEGATIONS**

38. Plaintiffs and other members of the SBCFD Collective are initiating this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b), because during the Collective Action Period they regularly received deficient overtime pay from Defendant pursuant to Defendant's typical overtime pay practices.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

39. Defendant utilizes centralized payroll systems and uniform compensation policies applicable to members of the SBCFD Collective.

40. The challenged regular-rate calculations are performed pursuant to common payroll codes, payroll procedures, compensation practices, and standardized payroll formulas applicable to all members of the SBCFD Collective.

41. Whether Defendant excluded certification pay, incentive pay, holiday-in-lieu pay, or other forms of remuneration from overtime calculations can be determined through common payroll, personnel, and compensation records maintained by Defendant.

42. During the Collective Action Period, Defendant knew or showed reckless disregard for whether its overtime practices complied with the FLSA.

43. Defendant was on notice of its obligations concerning regular-rate calculations through the text of the FLSA, Department of Labor regulations, judicial decisions addressing inclusion of supplemental compensation, and Defendant's own payroll records and compensation practices.

44. Despite this knowledge, Defendant continued to calculate overtime compensation using rates that excluded forms of remuneration required to be included in the regular rate under the FLSA.

45. Collective treatment of Plaintiffs' FLSA claims is proper because members of the SBCFD Collective are "similarly situated" within the meaning of 29 U.S.C. § 216(b), as a factual nexus exists between the manner in which Defendant deprived Plaintiffs of overtime compensation under the FLSA and the manner in which Defendant's conduct also deprived other members of the SBCFD Collective of overtime compensation under the FLSA.

46. Accordingly, Plaintiffs' collective action claims derive from a single course of conduct by Defendant. The objective facts are essentially the same for Plaintiffs and other members of the SBCFD Collective. Within each claim for relief, the same federal legal standards govern.

47. The named Plaintiffs have consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). Their consent forms are attached to this Complaint as Exhibit A.

## STATEMENT OF CLAIMS

## COUNT I

Violations of the FLSA

Failure to Pay Overtime

(Plaintiffs and the SBCFD Collective v. Defendant County of Santa Barbara, California)

48. Plaintiffs and other members of the SBCFD Collective incorporate by reference the allegations in Paragraphs 1 through 47, as if fully set forth herein.

49. The FLSA generally requires payment of overtime compensation at one and one-half times an employee's regular rate. Employees engaged in fire protection activities may be compensated under the partial exemption provided by 29 U.S.C. § 207(k), pursuant to which overtime compensation must be paid for hours worked in excess of the applicable maximum-hours standard for the adopted work period. 29 U.S.C. § 207(k); 29 C.F.R. § 553.230.

50. During the Collective Action Period, Defendant adopted an alternative work period pursuant to the Section 7(k) Exemption which required Plaintiffs and members of the SBCFD Collective to work more than 182 hours during a 24-day work period before they were able to earn overtime compensation.

51. Throughout the Collective Action Period, Plaintiffs and members of the SBCFD Collective worked in excess of the applicable Section 7(k) overtime threshold and were not compensated at one and one-half their properly calculated regular rates because Defendant excluded required remuneration from the regular-rate calculation.

52. Defendant's failure and refusal to provide Plaintiffs and members of the SBCFD Collective overtime pay at the proper rate for the hours they have worked in excess

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

of 182 hours during a 24-day work period, as required by the FLSA, wrongly deprives them of the overtime compensation that has been due to them during the Collective Action Period.

53. As a result of Defendant's willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and other members of the SBCFD Collective for which Defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255(a), together with an additional amount as liquidated damages, interest, reasonable attorneys' fees, and the costs of this action.

54. As a result of Defendant's willful and purposeful violations of the FLSA, amounts have become due and owing to Plaintiffs and other members of the SBCFD Collective, though those amounts have not yet been precisely determined. The employment and work records for Plaintiffs and other members of the SBCFD Collective are in the exclusive possession, custody, and control of Defendant, and Plaintiffs and other members of the SBCFD Collective are unable to state at this time the exact amounts owed to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs and the other members of the SBCFD Collective from which the amount of Defendant's liability can be ascertained.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## REQUESTS FOR RELIEF

Accordingly, Plaintiffs and other members of the SBCFD Collective request that this Court enter judgment on their behalf and enter an order directing the award of other relief, as follows:

A. Declaring this action to be an FLSA collective action properly maintained under 29 U.S.C. § 216(b);

B. Entering an order requiring Defendant to provide Plaintiffs with the names, contact information, work schedules, and compensation received for all members of the SBCFD Collective who worked for Defendant during the Collective Action Period;

C. Entering an order directing that notice and opportunity to opt-in be given to all members of the SBCFD Collective who worked for Defendant during the Collective

Action Period;

D. Declaring that Defendant has willfully, unreasonably, wrongfully, and without good faith violated its statutory and legal obligations and deprived each Plaintiff of his or her rights, protections, and entitlements under federal law, as alleged in this Complaint;

E. Ordering a complete and accurate accounting of all unpaid compensation owed to Plaintiffs and members of the SBCFD Collective;

F. Entering judgment against Defendant and award Plaintiffs and members of the SBCFD Collective all unpaid overtime compensation, an equal amount as liquidated damages; pre-judgment and post-judgment interest where permitted by law, and all other monetary relief available under the FLSA;

G. Awarding Plaintiffs and the other members of the SBCFD Collective their reasonable attorneys' fees, costs, and disbursements of this action; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

H. Awarding Plaintiffs and the other members of the SBCFD Collective such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

/s/ David E. Ahdoot
DAVID E. AHDOOT
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
dahdoot@bushgottlieb.com

/s/ Lauren McDermott
Lauren McDermott*
Mark A. Linscott*
John F. Ackerman*
(**Pro Hac Vice* to be submitted)
MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.
1620 Eye Street, NW, STE 700
Washington, DC 20006
Phone: 202-783-0010
Fax: 202-783-6088
lmcdermott@mooneygreen.com
mlinscott@mooneygreen.com
jackerman@mooneygreen.com

***Counsel for all Plaintiffs***

# Exhibit A

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Montgomery Hugh -
Last First Middle

**HOME ADDRESS** [redacted]
Address
[redacted]
County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** Hugh Montgomery (Sep 11, 2026 11:17:17 PDT)

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Barden Taylor Kent

Last First Middle

**HOME ADDRESS** [redacted]

Address

[redacted]

County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** Taylor Barden (Sep 11, 2026 11:44:59 PDT)

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Dyne Griffin Reed
Last First Middle

**HOME ADDRESS** [redacted]
Address
[redacted]
County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** Griffin Dyne (Sep 11, 2026 16:30:12 PDT)

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Hyman Matthew Douglas

Last First Middle

**HOME ADDRESS** [redacted]

Address

[redacted]

County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** Matthew Hyman (Sep 11, 2026 11:33:02 PDT)

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Lyons Skyler Joshua
Last First Middle

**HOME ADDRESS** [redacted]
Address
[redacted]
County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** Skyler Lyons (Sep 11, 2026 11:53:17 PDT)

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Maloney Patrick Michael
Last First Middle

**HOME ADDRESS** [redacted]
Address
[redacted]
County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** Patrick Maloney
Patrick Maloney (Sep 11, 2026 11:43:00 PDT)

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Mather Ian Thomas
Last First Middle

**HOME ADDRESS** [redacted]
Address
[redacted]
County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** Ian Mather (Sep 11, 2026 11:37:29 PDT)

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Medina Fernando Paul

Last First Middle

**HOME ADDRESS** [redacted]

Address

[redacted]

County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** Fernando Medina (Sep 11, 2026 12:24:39 PDT)

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Mushinskie Jay William
Last First Middle

**HOME ADDRESS** [redacted]
Address
[redacted]
County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** J. M. M.
Jay Mushinskie (Sep 11, 2026 11:50:50 PDT)

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Steiner Shawn Rober
Last First Middle

**HOME ADDRESS** [redacted]
Address
[redacted]
County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** Shawn Steiner
Shawn Steiner (Sep 11, 2026 11:28:36 PDT)

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Szczepanek Sam Edward

Last First Middle

**HOME ADDRESS** [redacted]

Address

[redacted]

County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** Sam Szczepanek (Sep 11, 2026 16:44:16 PDT)

---

**REQUEST TO BECOME PARTY PLAINTIFF (FLSA Regular Rate Violation – County of Santa Barbara, California)**

**I hereby consent to become a party plaintiff in an action to recover overtime wages and other relief under the Fair Labor Standards Act.**

**NAME** Weisenberg Patrick Benjamin

Last First Middle

**HOME ADDRESS** [redacted]

Address

[redacted]

County State Zip Code

**PHONE (cell)** [redacted] **EMAIL** [redacted]

**PLAINTIFF'S SIGNATURE** Patrick Weisenberg (Sep 11, 2026 11:42:09 PDT)

# Exhibit B

**TOLLING AGREEMENT (Seventh Extension)**

This Tolling Agreement ("Tolling Agreement") is hereby made and entered into by and between the Santa Barbara County Fire Fighters, IAFF Local 2046, (the "Local 2046") on behalf of all individuals for whom it is the recognized employee organization ("Affected Employees") and the County of Santa Barbara, California (the "Employer"). From time to time, the Employer or Local 2046 may be referred to as a "Party" or collectively as the "Parties."

WHEREAS, on March 18, 2026, Local 2046 raised concerns about payment of overtime ("Overtime Concerns") under the Fair Labor Standards Act (FLSA), California state wage and hour law, and the applicable memorandums of understanding (MOUs);

WHEREAS, the Employer is now carefully reviewing Local 2046's concerns;

WHEREAS, the Employer and Local 2046 intend to work towards a mutually-agreeable resolution of these concerns and the Parties desire to maintain the *status quo* with respect to the Parties' respective legal positions including the FLSA, California state wage and hour law, and applicable MOUs as of March 23, 2026;

WHEREAS, the Employer and Local 2046 agree that tolling of time-related defenses is appropriate to allow the Parties to continue working towards resolution;

NOW, THEREFORE, for and in consideration of the promises, agreements, covenants, and conditions herein contained, the adequacy, receipt, and sufficiency of which are hereby expressly acknowledged by each of the Parties, the Employer and Local 2046 hereby agree as follows:

1. The Employer and Local 2046 hereby agree that the Tolling Period (as defined below) shall be excluded from the calculation of any limitations or other time-related periods for purposes of any statute of limitations, statute of repose, doctrine of laches, or any other time-related defenses applicable to claims or lawsuits asserted or assertable or related in any manner to the Overtime Concerns. The "Tolling Period" shall be defined to run from March 23, 2026 and automatically terminate on September 4, 2026. The Parties to this Tolling Agreement may agree to renew this Tolling Agreement from time to time pursuant to Paragraph 6 herein. The Parties further agree that upon termination of this Tolling Agreement, any claim filed by any individual employed or previously employed by the Employer during the relevant time period within ten (10) days after such termination to seek damages in any litigation will be considered timely for purposes of this Tolling Agreement.

2. The purpose of this Tolling Agreement is to preserve the Parties' respective rights, obligations, duties, claims, causes of action, remedies, or defenses existing as of March 23, 2026 with regard to Local 2046's Overtime Concerns, and this Tolling Agreement shall not be applicable to or be construed to revive any claims or defenses barred prior to the expiration of any applicable statutory, equitable limitations, or time-related period or that are otherwise barred.

3. This Tolling Agreement shall bind and benefit each of the undersigned parties and their respective heirs, beneficiaries, devisees, legatees, agents, representatives, administrators, executors, trustees, partners, employees, predecessors, successors, and assigns. Further, since the FLSA and

California wage and hour laws are an individual plaintiff statute, this tolling agreement shall be applicable to any Affected Employee.

4. By entering into this Tolling Agreement, neither of the Parties makes any representations or admissions with regard to the date or dates when any applicable limitations or time-related period may expire or may have expired.

5. The Parties have entered into this Tolling Agreement without admitting or intending to admit any fault, wrongdoing, or liability of any kind whatsoever or that any claims are or would be asserted or proven, and neither of the Parties shall contend in any action that this Tolling Agreement is admissible or relevant as evidence of liability or fault, or an admission of liability or fault, on the part of any other Party.

6. This Tolling Agreement constitutes the entire agreement by and between the Parties concerning the tolling of time-related defenses, or causes of action, and it supersedes any prior agreement or understanding by or between the parties concerning those matters. There are no agreements, covenants, conditions, or limitations of this Tolling Agreement that are not expressly stated herein. Further, all of the Parties agree that this Tolling Agreement may not be amended or changed in any way, except by a written instrument signed by all of the Parties.

7. Each of the individuals signing this Agreement for any party to this Agreement represent and warrant that he or she is duly authorized to execute this Agreement on behalf of such party and act with the capacity represented herein.

8. This Tolling Agreement shall be governed by and construed under the laws of the State of California.

9. This Tolling Agreement and any modifications may be executed in separate counterparts that together constitute one instrument.

Agreed to by:

**County of Santa Barbara**

Claire Hartley

Name: Claire Hartley
Title: Senior Deputy County Counsel
Date: August 24, 2026

**Santa Barbara County Fire Fighters, IAFF Local 2046**

Elizabeth Silver

Name: Elizabeth Silver, Esq., Attorneys for
Title: President, Santa Barbara County Fire Fighters, IAFF Local 2046
Date: August 21, 2026